## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITE-HERE HEALTH, and
MATTHEW WALKER, as fiduciary of
UNITE HERE HEALTH                           No. 16-C-3570

                Plaintiffs,          Judge Charles P. Kocoras

vs.                                          Magistrate Michael Mason

REMINGTON COSTA MESA EMPLOYERS,
LLC, a Delaware limited liability company, d/b/a
HILTON ORANGE COUNTY/COSTA MESA

                Defendant.

## DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Remington Costa Mesa Employers, LLC, a Delaware limited liability company, d/b/a Hilton Orange County/Costa Mesa ("Defendant"), Pursuant to Rule 15(a)(1)(b) of the Federal Rules of Civil Procedure, and for its Amended Answer, responds to the enumerated allegations set forth in the Plaintiffs' Complaint, and states the following:

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515, 29 U.S.C. §§1132(a)(3) and 1145. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:**   **Defendant admits the allegations contained in paragraph 1 of Plaintiffs' Complaint.**

2.      Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29 U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5) and 29 U.S.C. §186(c)(5). The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

**ANSWER:** **Defendant admits that the Plaintiff Fund is an employee pension benefit plan within the meaning of ERISA. Defendant lacks sufficient information to either admit or deny the remaining allegations.**

3.     The Trustees of the Welfare Fund and the Seventh Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf. Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

**ANSWER:** **Defendant is not presently in possession of the referenced Trust Agreement, and is not in a position, therefore, to either admit or deny paragraph 3 of Plaintiffs' Complaint.**

4.     Defendant is a corporation and is engaged in the hospitality industry with a principal place of business located at 14185 Dallas Parkway, Suite 1150, Dallas, TX. Defendant operates at Hilton Orange County/Costa Mesa at 3050 Bristol Street, Costa Mesa, CA 92626.

**ANSWER:** **Defendant admits the allegations contained in paragraph 4 of Plaintiffs' Complaint**

### VENUE

5.     The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois. Therefore, venue is proper n this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

**ANSWER:** **Defendant lacks sufficient information concerning the location of the office or offices of the Plaintiff Fund, and is not in a position, therefore, to either admit or deny paragraph 5 of plaintiff's complaint.**

### FACTS

6.     Defendant is an employer engaged in an industry affecting commerce and has agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter cilia,* to pay employee fringe benefits in the form and manner

of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendant's eligible employees.

**ANSWER: Defendant admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.**

7. Defendant, by its authorized agent, executed a collectively-bargained labor agreement with UNITE HERE Local 11, effective January 1, 2013 through December 31, 2014, and extended through December 31, 2017 (the "Agreement"), which require contributions be made to the Welfare Fund for and on behalf of Defendant's eligible employees.

**ANSWER: Defendant admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.**

8. The Agreement bound Defendant to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia,* shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

**ANSWER: Defendant is not presently in possession of the referenced Trust Agreement, and is not in a position, therefore, to either admit or deny paragraph 8 of Plaintiffs' Complaint.**

9. Plaintiffs have complied with all conditions precedent in bringing this action.

**ANSWER: Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.**

10. A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

**ANSWER: Defendant lacks sufficient information enabling it to either admit or deny paragraph 10 of Plaintiffs' Complaint.**

## WELFARE FUND DELINQUENCIES

11. This paragraph of the Complaint does not call for a response.

12.     Defendant has failed to submit payments to the Welfare Fund for benefits for the eligible employees identified on the audit report for unpaid contributions, liquidated damages, interest and audit costs for the audit period January 1, 2011 through December 31, 2013.

**ANSWER:     Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.**

13.     As a result of the failure to make the required contributions for the audit, Defendant is currently indebted to the Welfare Fund in the following amounts:

| | |
|---|---|
| Principal | $44,737.88 |
| Interest | $ 3,603.73 |
| Liquidated Damages | $ 8,947.58 |
| TOTAL | $57,289.19 |

**ANSWER:     Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.**

14.     Interest has continued to accrue on the unpaid contributions and will continue to accrue during the pendency of this litigation.

**ANSWER:     Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.**

15.     By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreements and ERISA §§515, 29 U.S.C. §§1145.

**ANSWER:     Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim for relief which, as pleaded, should be granted.

### SECOND AFFIRMATIVE DEFENSE

It is Defendant's present understanding that the amount claimed by the plaintiff Fund in this lawsuit arises from the Defendant's practice of "cashing out" unused Paid Time Off hours ("PTO Hours"). PTO Hours constitute an employee benefit, which is accrued over time, and which can be used for several purposes, including vacations and sick time. The terms and conditions governing the accumulation and payment of PTO Hours, and governing the cash-out of PTO Hours, are memorialized in the Defendant's collective bargaining agreement ("CBA") with UNITE-HERE Local 11.

The practice of "cashing out" PTO Hours refers to the practice of paying to the employee his regular hourly rate of pay for those PTO Hours that he or she has accumulated, but which have not been used for time-off from work.

The CBA governs also, as alleged in the Complaint, the contributions that are to be made by the defendant into the plaintiff Fund. Specifically, the CBA provides that defendant is to pay a defined contribution dollar-amount (which, generally, changes from year to year) to the plaintiff Fund on the basis of "per hour worked/paid." The following should be noted:

1. The term "hour worked/paid" refers to (a) the "hour[s]" that an employee has "worked," and (b) the "hour[s]" that an employee is "paid."

2. The inclusion of this second category – "paid" – is intended to ensure that employees will have contributions made on their behalf not just for the hours they are paid to work, but for *all* hours for which they receive pay. Hence, contributions are made for those "hours" which are paid to employees *as* "PTO hours."

3. The "paid" category, however, does not include PTO hours which are "cashed out."

4. There is no language in the CBA which directs or requires defendant to make contributions for PTO hours that are cashed out.

In short, contributions are made for those hours for which an employee is paid, regardless of whether working or not working. The practice of cashing out accumulated but *unused* PTO Hours falls outside this category. It constitutes, instead, a separate benefit.

## THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs is unavailable because, if contributions were to be made for cashed-out PTO Hours, Defendant would be making double payments, which plainly was not intended by either ERISA law or the agreement between the parties. The following example illustrates this point:

1. Employee A is a 40 hour/week employee who has reached a seniority level that entitles him to 14 PTO days of 8 hours per day (112 PTO Hours). If Employee A works no overtime, he will receive 2080 hours of pay during that year (52 weeks x 40 hours). If this employee takes full advantage of his PTO Hours, he will work 1968 hours, and use the balance of the 112 PTO Hours as vacation and sick days.

2. Employee B has reached the same seniority level, thus entitling her also to 14 PTO days of 8 hours per day (112 PTO Hours). However, Employee B, who also works no overtime, (a) takes only 5 days of paid vacation and no sick days (40 PTO Hours); (b) works the other 9 days (for a total of 2040 hours actually worked); and then (c) cashes out those 9 days (72 PTO Hours).

3. Both Employee A and B will have 2080 hours of contributions paid on their behalf. However, if the defendant were required to also make contributions for the 72 PTO Hours cashed out by Employee B, the defendant would be making double contributions for those 72 hours.

The parties to the CBA did not intend for the Defendant to make 'double payments' for PTO Hours which are cashed out.

6

## FOURTH AFFIRMATIVE DEFENSE

Over a period of many years, both parties to the CBA, as well as the Fund, shared the same understanding described in the above two Affirmative Defenses; *i.e.,* that contributions were not to be made for cashed-out PTO Hours. Hence, this shared understanding and common practice constitutes clear and admissible parol evidence that it was the intent of the parties that contributions are not to be made for cashed-out PTO Hours.

## FIFTH AFFIRMATIVE DEFENSE

A portion of the claim set forth in Plaintiffs' Complaint is barred by the applicable statute of limitations. Courts in actions arising under ERISA apply the most analogous limitations statute of the state where the contract was entered into, which in this case is California.

WHEREFORE, having fully answered the Complaint, Defendant prays for dismissal with all costs imposed upon the Plaintiffs, and for such other and further relief as the Court deems just and proper.

Dated: May 10, 2016

REMINGTON COSTA MESA
EMPLOYERS, LLC, Defendant

/s/*Brian K. Jackson*
One of Its Attorneys

Karl M. Terrell, *Pro Hac*
STOKES WAGNER, ALC
1201 W. Peachtree Street, Suite 2400
Atlanta, Georgia 30309
404-766-0076 (ph) / 404-766-8823 (fax)
kterrell@stokeswagner.com

Brian K. Jackson (6286470)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 / (312) 467-9479 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant's Amended Answer to Plaintiff's Complaint was electronically filed with the Court's CM/ECF system, which will automatically send copies of same to counsel of record below:

Laura M. Finnegan, Esq.
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231

Dated: May10, 2016

/s/ *Brian K. Jackson*
Brian K. Jackson